UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDDIE TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY MARTHKIS,<br><br>    Defendant. | CAUSE NO. 3:20-CV-689-JD-MGG |

OPINION AND ORDER

Eddie Taylor, a prisoner without a lawyer, filed a vague complaint alleging Dr. Nancy Marthkis has not treated his skin condition since 2018. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor alleges he was seen by Dr. Marthkis once in 2018 and once since, but it is unclear when. He alleges at the first visit he told her, "all the things that he was going through every day [for] a few minutes . . .." ECF 2 at 4. However, he does not say what he told her. He alleges she then yelled at him and said, "she didn't need no inmate telling her how to do her job." Though that response may have been unprofessional, for

a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, without knowing what Taylor said during that appointment, it is not possible to determine whether her response was a substantial departure from accepted professional judgment, practice, or standards.

Sometime later he had a second appointment with Dr. Marthkis. He does not say when and it is unclear whether it was in 2018, 2019, or 2020. At this visit he says he did not have time "to explain to her what's been going on with skin [and she] wouldn't even let me show her what my skin looked like." ECF 2 at 5. Taylor says Dr. Marthkis talked to him at the beginning of the appointment, but he does not say what she said. It is unclear what happened during this visit, but it is clear Dr. Marthkis neither saw nor heard about Taylor's skin condition. Without knowing more about this appointment, Taylor has not plausibly alleged Dr. Marthkis' actions were a substantial departure from accepted professional judgment, practice, or standards.

Other than those two occasions, Taylor alleges he has never seen Dr. Marthkis. "[F]rom that day until now I haven't been able to get Dr. Marthkis to either order the right type of cream or treatment or to send me to an outside doctor that can tell me what type of parasites that are causing me such really bad skin condition and to order some type of treatment that will get rid of this." ECF 2 at 5. Taylor says he files healthcare request forms, but it is unclear when. It is unclear what they say. It is unclear

2

who sees them. It is unclear whether he has been seen by any other healthcare providers. It is unclear what, if any, diagnosis or treatment he has received from them. Without more facts, this complaint does not plausibly allege Dr. Marthkis was deliberately indifferent to his need for medical treatment.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. Nevertheless, Taylor may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment

3

would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Taylor needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his prison law library. After he properly completes that form with additional facts, he needs to send it to the court.

Finally, Taylor also asks the court to order that he be seen by an outside dermatologist to examine his skin and perform a complete physical. ECF 4-1 at 4. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted).

Taylor alleges he has needed medical treatment for his skin condition since 2018. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, he has not yet filed a complaint which states a claim, nor plausibly alleged that he is not receiving constitutionally adequate medical treatment. As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects "professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Because Taylor has not plausibly alleged he is being denied constitutionally adequate medical treatment for his skin, the motion must be denied.

For these reasons, the court:

(1) DENIES the motion for injunctive relief;

(2) GRANTS Eddie Taylor until **September 30, 2020**, to file an amended complaint; and

(3) CAUTIONS Eddie Taylor if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 18, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT